(No. 5367. Decided May 3, 1905.)

Thomas A. Bringham *et al., Appellants,* v. American Bridge Company of New York, *Respondent.*[1]

Contracts — Letters — Acceptance of Proposals — Time of Delivery Not Agreed Upon. Where a proposition by letter to furnish certain materials for a building did not specify the time for delivery, and the letter accepting the proposal fixed the time within which delivery must be made, whereupon a reply was mailed not accepting the time of delivery but stating that the other party would be advised of the time in which delivery could be made, and six days later the advice was given that the material could not be furnished within the time fixed, no contract was entered into.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 26, 1904, upon findings in favor of the defendant, after a trial before the court without a jury, dismissing an action on contract. Affirmed.

*Benson & Hall,* for appellants.

*Root, Palmer & Brown,* for respondent.

Mount, C. J.—Appellants brought this action in the court below to recover damages for an alleged breach of contract. The cause was tried to the court without a jury. Findings were made and a decree entered in favor of the defendant, from which decree plaintiffs prosecute this appeal.

The sole question in the case is whether or not a contract was made between the parties. The alleged contract was in the form of letters, as follows:

"Messrs. Bringham & Hoska,          March 23, 1903.
    "General Contractors, Seattle, Wash.

"Gentlemen: Referring to recent conversation relating to prices for work at Vancouver, we beg to make you the fol-

[1]Reported in 80 Pac. 788.

lowing revised prices, and hereby offer to furnish all material hereinafter mentioned and contained in building No. 152-c; 75 H, and 75 K for the sum of seven thousand five hundred and ninety-seven dollars ($7,597) delivered f. o. b. cars or on wharf, at Vancouver, Wash.; in accordance with the plans and specifications furnished by the U. S. Government for the above named buildings. [Then follows a list of the materials.] Payments may be made as follows: eighty per cent upon the delivery of the material at Vancouver, and the balance within thirty days from the receipt of material, said payments to be made in proportion to the amount of material delivered.

"American Bridge Company of New York,
"By H. W. Jack, Contracting Manager."

"March 23, 1903.
"American Bridge Company of New York,
    "Seattle, Wash.

"Gentlemen: We hereby accept your proposition of this date for the furnishing of all metal work mentioned in your bid for the sum of seven thousand five hundred and ninety-seven dollars ($7,597), delivered f. o. b. cars Vancouver, Wash. Basement columns to be delivered within sixty days from the receipt of the drawings and the balance of the columns within ninety days, the rest of the iron work shall be furnished in such time as it may be required in the building.        Yours very truly,

"Bringham & Hoska,
"By A. T. Bringham."

"Messrs. Bringham & Hoska,        March 25, 1903.
    "Vancouver, Wash.

"Gentlemen: Referring to your acceptance of the 23d inst., and in particular to the delivery of the goods mentioned therein, beg to state that we have reported that in case there should be any question about us not being able to make the delivery required by you, to advise you at once of such time as we may be able to fill your order, and thus give you an opportunity to purchase the material elsewhere, in case you could not wait for such delivery as we may be able to give you; we trust, however, that there will be no such condition existing as would warrant such action. We have also for-

warded a copy of this letter to your Seattle address.   Yours
very truly,                       .
          "American Bridge Company of New York,
                    "By H. W. Jack, Contracting Manager."

                         "Seattle, Wash., March 31, 1903.
"To Bringham & Hoska, General Contractors,
     "Vancouver, Wash.
     "Company telegraphed that on account of previous con-
tracts they could not fill your order as required.
               "American Bridge Company of New York."

                         "Seattle, Wash., March 31, 1903.
"Messrs. Bringham & Hoska, General Contractors,
     "Vancouver, Wash.                          .
     "Gentlemen:   We have this morning received a telegram
from our Chicago office advising us that on account of
previous contracts we would be unable to execute your order
in accordance with the requirements mentioned in your ac-
ceptance, and immediately wired you as follows: 'Company
telegraphed that on account of previous contracts they could
not fill your order as required.'   We very much regret to
be obliged to give up this order, but when we informed you
that we thought the work could be turned out in the time
mentioned, we were acting in good faith, and presumed that
some one of our works would be able to handle the work
in that time.
     "We trust that you may be able to place the order where you
may be assured of the delivery that you require, and hope
that you will appreciate the effort made by us to make abso-
lutely sure of the delivery of your material and by ascer-
taining the facts place you in position to order elsewhere.
It may be possible that you will have to pay a little more
than our bid, but in this case the prompt delivery is of more
importance to you.   Yours very truly,
          "American Bridge Company of New York,
                    "By H. W. Jack, Contracting Manager."

     It will be noticed that the first letter was an offer to fur-
nish materials at a stated price.   No time for the delivery
of these materials was specified.   The second letter was a
letter from appellants, accepting the offer at the price stated,
but fixing a time certain for the delivery of the materials.

The third letter did not accept the provisions fixing the time of delivery, but informed appellants that they would be advised at once of the time in which the respondent would be able to fill the order. Six days later, by telegram and by letter, the appellants were informed that respondent could not fill the order as required. These letters themselves show clearly that no contract was entered into between the parties. They fail to agree upon the time within which the materials were to be delivered, and the negotiations then ended. The parties, therefore, did not agree, and there was no binding contract.

The judgment appealed from is therefore affirmed.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.